**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
BANKRUPTCY DIVISION**


IN RE:

JEFFREY J. PROSSER,                        Case No. 3: 06-bk-30009 (JKF)
                                           Chapter 7

      DEBTOR.


JEFFREY J. PROSSER,                        Adv. Proc. No. 10-03001

      MOVANT,                            Related to Adv. Doc. No. 74

v.

TOBY GERBER, FULBRIGHT &
JAWORSKI, L.L.P., JAMES J. LEE,
VINSON & ELKINS, L.L.P., STAN
SPRINGEL, CHAPTER 11 TRUSTEE
OF INNOVATIVE COMMUNICATION
CORPORATION AND INNOVATIVE
COMMUNICATION COMPANY, LLC
AND EMERGING COMMUNICATIONS,
INC., JAMES P. CARROLL, CHAPTER 7
TRUSTEE OF THE ESTATE OF
JEFFREY J. PROSSER, FOX
ROTHSCHILD, L.L.P., GENOVESE,
JOBLOVE & BATTISTA, P.A., PAUL
BATTISTA, THERESA VAN VILET,
AND ALVAREZ & MARSAL, LLC,

      RESPONDENTS.

**MEMORANDUM OPINION[1]**

Before the court is Vinson & Elkins LLP's and James J. Lee's (hereinafter, the "V&E

---

[1]The court's jurisdiction is not at issue.  This Memorandum Opinion constitutes our
findings of fact and conclusions of law.

Respondents") "Motion for Protective Order and *In Camera* Inspection of Privileged Material."

Adv. Doc. No. 74.  The court considered Jeffrey J. Prosser's Reply Memorandum in Opposition

to the Motion, Adv. Doc. No. 121,[2] and the Reply of Vinson & Elkins LLP and James J. Lee to

Jeffrey J. Prosser's Memorandum in Opposition, Adv. Doc. No. 134.

The court has reviewed the documents, which include strings of e-mails, billing invoices,

and handwritten notes, within which portions are highlighted.  We have considered each

highlighted portion as identified by "The V&E Respondents' Privilege Log" (hereinafter, the

"Privilege Log").[3]  Adv. Doc. No. 74 at Exhibit A.  The Privilege Log identifies each document

by the date and time of the most recent e-mail communication in each string, the sender, the

recipient(s), and the Bates Number(s) of the document.  Each document or e-mail string is

---

[2] In Jeffrey J. Prosser's Reply Memorandum in Opposition to Vinson & Elkins' and
James J. Lee's Motion for Protective Order and *In Camera* Inspection of Privileged Materials,
Adv. Doc. No. 121, Prosser asserts that the crime-fraud exception to the attorney-client privilege
is applicable.  "[T]he purpose of the crime-fraud exception is to assure that the 'seal of secrecy'
between lawyer and client does not extend to communications from the lawyer to the client made
by the lawyer for the purpose of giving advice for the commission of a fraud or crime.  The seal
is broken when the lawyer's communication is meant to facilitate future wrongdoing by the
client.  Where the client commits a fraud or crime for reasons completely independent of
legitimate advice communicated by the lawyer, the seal is not broken, for the advice is, as the
logicians explain, non causa pro causa.  The communication condemned and unprotected by the
attorney-client privilege is advice that is illicit because it gives direction for the commission of
future fraud or crime.  The advice must relate to future illicit conduct by the client; it is the causa
pro causa, the advice that leads to the deed." *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 90 (3d
Cir. 1992).  We have carefully examined each statement in light of Prosser's argument regarding
the crime-fraud exception.  After this review, we find that none of the statements were made for
the purpose of giving "direction for the commission of future fraud or crime." *Id.*

[3]In response to an order of this court requiring counsel for Vinson & Elkins LLP and
James J. Lee to file a statement identifying which items submitted to the court for *in camera*
review are claimed as privileged, the V&E Respondents delivered a First Amended Privilege
Log to the court.  This amended privilege log merely reflects that V&E Priv_00038-40 and V&E
Priv_00041 located behind Tab 14 of the Privilege Log (Adv. Doc. No. 74 at Exhibit A) are to be
considered as separate documents.

separated by enumerated tabs.  We note that numerous statements have been highlighted throughout each document/tab.  Therefore, we will identify each individual highlighted statement by the tab behind which it is located, both the time and date stamp of the e-mail in which the statement appears, and the Bates Number identifying the page on which it appears. We will then state whether each separate statement is protected and the applicable privilege, if any, for each.  Where the V&E Respondents asserted protection under multiple doctrines, the court applied the doctrine that it believed was more applicable to the individual statement based on the statement's content, the sender of the communication, and the recipient(s) of the communication.

Under Tab 1, the V&E Respondents request the protection of one statement located on V&E Priv_00001 and sent on August 10, 2008, at 10:36 a.m.  This statement is entitled to protection under the work product doctrine.[4]

Under Tab 2, the V&E Respondents request the protection of three statements.  The first

---

[4]The work product doctrine affords an attorney's work a certain degree of privacy from unnecessary disclosure and is applicable to both tangible and intangible items "prepared in anticipation of litigation . . . by or for another party or by or for that party's representative."  *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 662 (3d Cir. 2003) (quoting Fed. R. Civ. P. 26(b)(3)).  Work product is reflected in documents, "interviews, statements, memoranda, correspondences, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways."  *Hickman v. Taylor*, 329 U.S. 495, 511 (2003).  "Most courts hold that to waive the protection of the work product doctrine, the disclosure must enable an adversary to gain access to the information."  *Westinghouse Elec. Corp. v. Republic of Phil.*, 951 F.2d 1414, 1428 (3d Cir. 1991).  The court has considered the following cases in applying the work product doctrine:  *Haines v. Liggett Group, Inc.*, 975 F.2d 81 (3d Cir. 1992); *In re Grand Jury Investigation*, 599 F.2d 1224 (3d Cir. 1979); *In re Natta*, 410 F.2d 187 (3d Cir. 1969); *Sharp v. Virgin Islands*, 2003 U.S. App. LEXIS 18133 (3d Cir. 2003); *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124 (3d Cir. 2000); *The Times of Trenton Publ'g Corp. v. Public Utility Service Corp.*, 2005 U.S. Dist. LEXIS 34624 (D.N.J. 2005); *In re Diet Drugs Prods. Liab. Litig.*, 2001 U.S. Dist. LEXIS 5494 (E.D. Pa. 2001).

statement is located at V&E Priv_00004 and was sent on Sunday, August 10, 2008, at 10:51 a.m.

The court finds that this statement is not entitled to protection under either the work product

doctrine or the attorney-client privilege.[5]  The second statement is located at V&E Priv_00004

and was sent on Sunday, August 10, 2008, at 11:46:51.  The court finds that this statement is

entitled to protection under the work product doctrine.  The third statement is also located at

V&E Priv_00004 and was sent on Sunday, August 10, 2008, at 10:36 a.m.  The court finds that

this statement is entitled to protection under the work product doctrine.

Under Tab 3, the V&E Respondents request the protection of four statements.  The first

statement is located at V&E Priv_00007 and was sent on Sunday, August 10, 2008, at 10:56 a.m.

The court finds that this statement is protected under the work product doctrine.  The second

statement is also located at V&E Priv_00007 and was sent on Sunday, August 10, 2008, at 10:51

a.m.  The court finds that this statement is not entitled to protection under either the work

product doctrine or the attorney-client privilege.  The third statement is located at V&E

Priv_00007 and was sent on Sunday, August 10, 2008, at 11:46:51.  The court finds that this

statement is entitled to protection under the work product doctrine.  The fourth statement is

located at V&E Priv_00007-8 and was sent on Sunday, August 10, 2008, at 10:36 a.m.  The

court finds that this statement is entitled to protection under the work product doctrine.

---

[5]The attorney-client privilege protects any communication made between privileged persons, in confidence, for the purpose of obtaining or providing legal assistance for the client. *In re Teleglobe Commc'ns. Corp.*, 493 F.3d 345, 359 (3d Cir. 2007) (citing Restatement (3d) of the Law Governing Lawyers, § 68 (2000)).  "'Privileged persons' include the client, the attorney(s), and any of their agents that help faciliate attorney-client communications or the legal representation." *Id.* (citing Restatement (3d) of the Law Governing Lawyers, § 70 (2000)).  The court has considered the following cases in applying the work product doctrine: *Haines*, *supra* at note 4; *In re Grand Jury Investigation*, *supra* at note 4; *In re Grand Jury Subpoena Duces Tecum*, 391 F. Supp. 1029 (S.D.N.Y. 1975); *Westinghouse*, *supra* at note 4.

Under Tab 4, the V&E Respondents request the protection of one statement located at V&E Priv_00011 and sent on Sunday, August 10, 2008, at 10:36 a.m.  The court finds that this statement is entitled to protection under the work product doctrine.

Under Tab 5, the V&E Respondents request the protection of four statements.  The first statement is located at V&E Priv_00012 and was sent on Sunday, August 10, 2008, at 5:37 p.m.  We find that this statement is protected by the attorney-client privilege.  The second statement is located at V&E Priv_00012 and was sent on Sunday, August 10, 2008, at 18:31:04.  We find that this statement is protected by the work product doctrine.  The third statement is located at V&E Priv_00012 and was sent on Sunday, August 10, 2008, at 10:56 a.m.  The court finds that this statement is protected under the work product doctrine.  The fourth statement is also located at V&E Priv_00012 and was sent on Sunday, August 10, 2008, at 10:51 a.m.  The court finds that this statement is not entitled to protection under either the work product doctrine or the attorney-client privilege.

Under Tab 6, the V&E Respondents seek protection of four statements, each located at V&E Priv_00013.  The first statement was sent on Sunday, August 10, 2008, at 5:41 p.m.  The court finds that this statement is protected by the work product doctrine.  The second statement was sent on Sunday, August 10, 2008, at 5:37 p.m.  We find that this statement is protected by the attorney-client privilege.  The third statement was sent on Sunday, August 10, 2008, at 18:31:04.  We find that this statement is protected by the work product doctrine.  The fourth statement was sent on Sunday, August 10, 2008, at 10:56 a.m.  We also find this statement to be protected by the work product doctrine.

The V&E Respondents seek protection of one statement under Tab 7.  This statement is

5

located at V&E Priv_00014 and was sent on Sunday, August 10, 2008, at 5:48 p.m.  The court

finds this statement to be protected by the work product doctrine.

Under Tab 8, the V&E Respondents seek protection of two statements, both located at

V&E Priv_00018.  The first statement, sent on Sunday, August 10, 2008, at 6:41 p.m., is

protected by the work product doctrine as extended by the common interest doctrine.[6]  The

second statement, sent on Sunday, August 10, 2008, at 17:47:47, is protected by the work

product doctrine.

Under Tab 9, the V&E Respondents seek the protection of one statement.  This statement

is located at V&E Priv_00021 and was sent on Sunday, August 10, 2008, at 17:47:47.  We find

that this statement is protected by the work product doctrine.

The V&E Respondents seek protection of one statement under Tab 10.  We find that this

statement, sent on Sunday, August 10, 2008, at 17:47:47, is protected by the work product

doctrine.

Under Tab 11, the V&E Respondents seek protection of three statements.  Each statement

---

[6]The common interest doctrine is not an independent source of confidentiality; rather, it "extends the confidentiality afforded by other privileges such as the attorney-client or work product privilege." *AMEC Civil v. DMJM Harris, Inc.*, 2008 U.S. Dist. LEXIS 54466, *7 (D.N.J. 2008).  To assert this doctrine, one must demonstrate that: "(1) the parties shared information due to actual or anticipated litigation, (2) the disclosures furthered a common interest, and (3) the disclosures are consistent with 'maintaining confidentiality against adverse parties.'" *Id.* at *8 (quoting *Laporta v. Gloucester County Bd. Of Chosen Freeholders*, 774 A.2d 545, 549 (N.J. Super. Ct. App. Div. 2001)).  It is important to note that, in order for the common interest doctrine to apply, the other conditions of either the attorney-client privilege or the work product doctrine must be satisfied. *Andritz Sprout-Bauer v. Beazer East*, 174 F.R.D. 609, 634 (M.D. Pa. 1997).  Other cases considered by the court in applying the common interest doctrine are as follows:  *Katz v. AT&T Corp.*, 191 F.R.D. 433 (E.D. Pa. 2000); *In re Teleglobe*, *supra* at note 5; *Cargill Inc. v. LGX LLC*, 2007 U.S. Dist. LEXIS 56000 (E.D. Pa. 2007); *In re Diet Drugs*, *supra* at note 4.

is located at V&E Priv_00028.  The first statement was sent on Sunday, August 10, 2008, at 6:55

p.m.  We find that this statement is protected by the work product doctrine.  The second

statement was sent on Sunday, August 10, 2008, at 6:41 p.m.  We determine that this statement

is protected by the work product doctrine as extended by the common interest doctrine.  The

third statement was sent on Sunday, August 10, 2008, at 17:47:47.  We find that this statement is

protected by the work product doctrine.

Under Tab 12, the V&E Respondents seek protection of two statements, each located at

V&E Priv_00032.  The first statement was sent on Sunday, August 10, 2008, at 7:21 p.m.  The

second statement was sent on Sunday, August 10, 2008, at 7:09 p.m.  We find both statements to

be protected by the work product doctrine.

The V&E Respondents seek protection of one statement, located at V&E Priv_00034,

under Tab 13.  We find that this statement, sent on Sunday, August 10, 2008, at 17:47:47, is

protected by the work product doctrine.

Under Tab 14, the V&E Respondents seek protection of three statements.[7]  The first

statement is located at V&E Priv_00038 and was sent on Sunday, August 10, 2008, at 7:24 p.m.

The second statement is located at V&E Priv_00038-39 and was sent on Sunday, August 10,

2008, at 17:47:47.  The third statement is located at V&E Priv_00041 and was sent on Sunday

August 10, 2008, at 7:37 p.m.  Each of the three statements is protected by the work product

doctrine.

---

[7]As noted by the amended privilege log, Tab 14 was intended to be designated as two
separate documents/tabs.  *See supra* note 3.  Because this amended privilege log has not been
filed of record, the court will continue to refer to the Privilege Log filed as Exhibit A at Adv.
Doc. No. 74.  For clarity, we will continue to refer to each statement by the Bates Number on
which it is located, as well as the time and date of transmission.

Under Tab 15, the V&E Respondents seek protection of four statements, each located at

V&E Priv_00042.  The first statement was sent on Monday, August 11, 2008, at 6:12 a.m.  The

second statement was sent on Sunday, August 10, 2008, at 21:23:16.  The third statement was

sent on Sunday, August 10, 2008, at 19:21:03.  The fourth statement was sent on Sunday, August

10, 2008, at 7:09 p.m.  All four statements are protected by the work product doctrine.

The V&E Respondents seek protection of six statements under Tab 16.  The first

statement is located at V&E Priv_00045 and was sent on Monday, August 11, 2008, at 8:32 a.m.

The second statement is also located at V&E Priv_00045 and was sent on Monday, August 11,

2008, at 6:29 a.m.  The third statement, located at V&E Priv_00045, was sent on Monday,

August 11, 2008, at 07:11:36.  The fourth statement is located at V&E Priv_00045 and was sent

on Sunday, August 10, 2008, at 21:23:16.  The fifth statement is located at V&E Priv_00045 and

was sent on Sunday, August 10, 2008, at 19:21:03.  Finally, the sixth statement is located at

V&E Priv_00046 and was sent on Sunday, August 10, 2008, at 7:09 p.m.  We find that each of

the six statements is protected by the work product doctrine.

The V&E Respondents ask for the protection of one statement under Tab 17.  This

statement can be found at V&E Priv_00048 and was sent on Monday, August 11, 2008, at 1:46

p.m.  We find that this statement is protected under the work product doctrine.

Under Tab 18, the V&E Respondents seek protection of the entire e-mail located at V&E

Priv_00051.  This e-mail was transmitted on Monday, August 25, 2008, at 8:58 p.m.  The court

finds that this e-mail communication is protected by the work product doctrine.

Under Tab 19, the V&E Respondents seek protection of an e-mail transmitted on

Monday, August 25, 2008, at 8:58 p.m.  The e-mail is located at V&E Priv_00052.  We find this

8

e-mail to be protected by the work product doctrine.

Under Tab 20, the V&E Respondents ask for protection of two e-mail communications located at V&E Priv_00053.  The first e-mail, transmitted on Monday, August 25, 2008, at 9:38 p.m., and the second e-mail, sent on Monday, August 25, 2008, at 8:58 p.m., are both entitled to protection under the work product doctrine.

The V&E Respondents seek protection of two e-mail communications under Tab 21. The first e-mail is located at V&E Priv_00055 and was sent on Monday, August 25, 2008, at 9:38 p.m.  The second e-mail is located at V&E Priv_00055-56 and was sent on Monday, August 25, 2008, at 8:58 p.m.  We find both e-mails to be protected by the work product doctrine.

Under Tab 22, the V&E Respondents ask for protection of three statements.  The first statement is located at V&E Priv_00057 and was sent on August 25, 2008, at 10:12 p.m.  The V&E Respondents have requested protection under the work product doctrine and this court finds that this statement is not entitled to protection under that doctrine.  However, we find that this statement is entitled to protection under the attorney-client privilege.[8]  The second statement is located at V&E Priv_00057 and was sent on Monday, August 25, 2008, at 9:38 p.m.  We find that this statement is protected by the work product doctrine.  The third statement, an e-mail communication, is located at V&E Priv_00057-58 and was sent on Monday, August 25, 2008, at 8:48 p.m.  We find this statement to be entitled to protection under the work product doctrine.

Under Tab 23, the V&E Respondents seek protection of four statements.  The court determines that the first statement, located at V&E Priv_00059 and sent on Monday, August 25,

---

[8]We note that the V&E Respondents did not assert the attorney-client privilege with regard to this statement.  However, the court uses its discretion to find that this privilege applies, entitling this statement to protection from disclosure.

2008, at 10:31 p.m., is entitled to protection under the work product doctrine.[9]  The second

statement, located at V&E Priv_00059 and sent on Monday, August 25, 2008, at 10:12 p.m., is

not entitled to protection under the work product doctrine, but is protected under the attorney-

client privilege.[10]  The third statement, located at V&E Priv_ 00059 and sent on Monday, August

25, 2008, at 9:38 p.m., is protected by the work product doctrine.  Finally, the fourth statement,

in the form of a complete e-mail communication located at V&E Priv_00059-60 and sent on

Monday, August 25, 2008, at 8:58 p.m., is also entitled to protection under the work product

doctrine.

Under Tab 24, which includes V&E Priv_00062-65, the V&E Respondents seek

protection of an e-mail with a billing invoice attached.  We find that this redacted billing invoice

is protected by the work product doctrine.

Under Tab 25, the V&E Respondents seek protection of one statement located at V&E

Priv_00066 and sent on Monday, December 8, 2008, at 11:41 a.m.  We find this statement to be

protected by the attorney-client privilege.

Under Tab 26, the V&E Respondents ask for the attorney-client privilege protection of

one statement located at V&E Priv_00067 and sent on Friday, December 12, 2008, at 10:23 a.m.

We determine that this statement is not entitled to protection under the attorney-client privilege.

Under Tab 27, the V&E Respondents seek attorney-client privilege protection of two

statements which are located at V&E Priv_00068.  The first statement was sent on Friday,

----

[9]We note that the attorney-client privilege also applies to this statement.  However, the
V&E Respondents sought protection only under the work product doctrine which also applies.

[10]*See supra* note 8.

December 12, 2008, at 11:10 a.m.  The second statement was sent on Friday, December 12,

2008, at 10:23 a.m.  We find that neither statement is protected by the attorney-client privilege.

        Under Tab 28, the V&E Respondents seek the attorney-client privilege protection of two

statements located at V&E Priv_00070.  The first statement was sent on Friday, December 12,

2008, at 12:10:26, and the second statement was sent on Friday, December 12, 2008, at 10:23

a.m.  We find that neither statement is entitled to attorney-client privilege protection.

        The V&E Respondents seek protection of one statement under Tab 29.  This statement is

located at V&E Priv_00071 and was sent on Friday, September 25, 2009, at 4:20 p.m.  We find

that this statement is entitled to protection under the work product doctrine.

        Under Tab 30, the V&E Respondents seek protection of one statement located at V&E

Priv_00073 and sent on Friday, September 25, 2009, at 5:23 p.m.  We find that this statement is

protected by the attorney-client privilege.

        Under Tab 31, the V&E Respondents seek protection of one statement located at V&E

Priv_00077 and sent on Friday, September 25, 2009, at 5:23 p.m.  We find that this statement is

protected by the attorney-client privilege.

        Under Tab 32, the V&E Respondents seek protection of two statements.  The first

statement is located at V&E Priv_00081 and was sent on Friday, September 25, 2009, at 5:24

p.m.  The second statement is also located at V&E Priv_00081 and was sent on Friday,

September 25, 2009, at 5:23 p.m.  We find both statements to be protected by the attorney-client

privilege.

        The V&E Respondents request the protection of three statements under Tab 33.  The first

statement is located at V&E Priv_00086 and was sent on Friday, September 25, 2009, at 6:21

p.m. We find this statement to be protected by the attorney-client privilege. The second

statement is located at V&E Priv_00086 and was sent on Friday, September 25, 2009, at 5:24

p.m. The court determines that this statement is protected by the attorney-client privilege.

Finally, the third statement, which is located at V&E Priv_00087 and was sent on Friday,

September 25, 2009, at 5:23 p.m., is also protected by the attorney-client privilege.

Under Tab 34, the V&E Respondents request the protection of three statements, each

located at V&E Priv_00091. The first statement, which was sent on Friday, September 25, 2009,

at 4:21 p.m., is protected by the attorney-client privilege. The second statement, which was sent

on Friday, September 25, 2009, at 5:24 p.m., is protected by the attorney-client privilege. The

third statement, which was sent on Friday, September 25, 2009, at 5:23 p.m., is also protected by

the attorney-client privilege.

The V&E Respondents seek protection of two statements under Tab 35. We find that

both the first statement, located at V&E Priv_00092 and sent on Thursday, October 15, 2009, at

4:35 p.m., and the second statement, located at V&E Priv_00092-93 and sent on Thursday,

October 15, 2009, at 4:11 p.m., are protected by the work product doctrine.

Under Tab 36, the V&E Respondents seek protection of one statement located at V&E

Priv_00096 and sent on Thursday, October 15, 2009, at 4:11 p.m. We find this statement to be

protected by the work product doctrine.

Under Tabs 37-44, the V&E Respondents request the protection of attached billing

invoices. The court finds that each billing invoice under Tabs 37-44 is protected by the work

product doctrine.

Under Tab 45, the V&E Respondents seek protection of James J. Lee's handwritten notes

located at V&E Priv_00128-130.  The court finds the highlighted portions of these notes to be

protected under the work product doctrine.

Under Tab 46, the V&E Respondents seek protection of the handwritten notes of Richard

London, counsel for the Trustee, located at V&E Priv_00131-133.  The court finds the

highlighted portions of these notes to be protected under the work product doctrine.

An appropriate Order will be entered.

DATE: Dated: 4/27/2010
     11:00:00

*Judith K. Fitzgerald*

**cjs**

Judith K. Fitzgerald
United States Bankruptcy Judge

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
BANKRUPTCY DIVISION**

**IN RE:**

**JEFFREY J. PROSSER,**                                              **Case No. 3: 06-bk-30009 (JKF)**
                                                                     **Chapter 7**
      **DEBTOR.**


**JEFFREY J. PROSSER,**                                              **Adv. Proc. No. 10-03001**

      **MOVANT,**                       **Related to Adv. Doc. No. 74**

**v.**

**TOBY GERBER, FULBRIGHT &
JAWORSKI, L.L.P., JAMES J. LEE,
VINSON & ELKINS, L.L.P., STAN
SPRINGEL, CHAPTER 11 TRUSTEE
OF INNOVATIVE COMMUNICATION
CORPORATION AND INNOVATIVE
COMMUNICATION COMPANY, LLC
AND EMERGING COMMUNICATIONS,
INC., JAMES P. CARROLL, CHAPTER 7
TRUSTEE OF THE ESTATE OF
JEFFREY J. PROSSER, FOX
ROTHSCHILD, L.L.P., GENOVESE,
JOBLOVE & BATTISTA, P.A., PAUL
BATTISTA, THERESA VAN VILET,
AND ALVAREZ & MARSAL, LLC,**

      **RESPONDENTS.**


**ORDER**

    **AND NOW**, this <u>27th</u> day of <u>April</u>, 2010, for the reasons expressed in the

foregoing Memorandum Opinion, it is **ORDERED, ADJUDGED, and DECREED** that Vinson

& Elkins LLP and James J. Lee's Motion for Protective Order and *In Camera* Inspection of

1

Privileged Material is **GRANTED** in part and **DENIED** in part in accordance with the foregoing

Memorandum Opinion.

It is **FURTHER ORDERED** that the protected statements, as determined by the court in

the foregoing Memorandum Opinion, are privileged and immune from discovery.

It is **FURTHER ORDERED** that, to the extent certain statements were not sought to be

protected, and to the extent the court has found that certain statements as to which a privilege

was asserted are not entitled to protection, the V&E Respondents shall produce these statements

in the course of discovery.

It is **FURTHER ORDERED** that counsel for the V&E Respondents shall immediately

serve a copy of this Memorandum Opinion and Order on all parties in interest who do not

receive electronic notice and shall file a certificate of service forthwith.

Dated: 4/27/2010
11:01:36

Judith K. Fitzgerald                                                    cjs

Judith K. Fitzgerald
United States Bankruptcy Judge

2